In the Matter of the Application of DRY DOCK SAVINGS INSTITUTION, Petitioner.

MARGARET M. HART et al., Respondents.

Supreme Court, Special Term, New York County, June 22, 1944.

*Davis Polk Wardwell Sunderland & Kiendl* for petitioner.

*Solomon M. Chadabe* for respondents.

PECK, J. This is an application under section 1077-c of the Civil Practice Act to require respondents to file a statement of the income and disbursements for the mortgaged premises for the year 1943, to submit for inspection all records as to

income and disbursements and to pay over to petitioner, as mortgagee, the surplus as defined by the statute.

The respondent Stone has been the owner of the premises since November 22, 1943, but is not the owner of record. Respondent Hart is the last record owner but has not been the actual owner since November 16, 1943. Both respondents resist the application; Stone on the ground that he is not the record owner and is not answerable for a period prior to his ownership, Hart on the ground that she is not the owner and had no interest in or control over the property during the latter part of the period to be accounted for.

The right of petitioner to receive the information requested is clear. The right should not be frustrated because of the situation here presented. The provision in the statute for notice to the last record owner is to facilitate the mortgagee and his right is not to be defeated by unrecorded changes in ownership. Nor is he obliged to search beyond the last record owner to make his notice effective. Here, however, notice has been given to both the present owner and the last record owner. Although as a practical matter any payments which may be required under the statute will have to come from the present owner, because he is the only one who will suffer the consequences of nonpayment (*Chase Nat. Bank* v. *Guardian Realties, Inc.*, 283 N. Y. 350), both should be required to respond with the information called for; the record owner because she falls squarely within the specifications of the statute, and the actual owner because his property is the subject of the proceeding. Indeed, the information for the full period can only come from both of them. Whether this comes by the one supplying the information for this period to the other and the other supplying it for the full period, or by each supplying it for his period, does not matter.

The burden thus cast on respondents is not undue. In view of the benefits accorded the owners of mortgaged premises under the moratorium legislation, any such owner should expect and be prepared to furnish the information required by section 1077-c of the Civil Practice Act and anyone subsequently acquiring the property should get the necessary information from his predecessor to enable himself to answer for any period covered by the statute.

The motion is granted as to both respondents, with leave to either to supply the information for the full year or each to supply it for that part of the year included in his ownership.